UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.

NOBLE LINE, INC., a Delaware corporation,

Plaintiff,

v.

DONALD ANDREW UNKEFER
d/b/a/ ARETE ARMS, LLC, a Colorado limited liability
company; and NOBLE HEMP COMPANY, a Colorado corporation,

Defendants.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND ANTI-DILUTION**

Plaintiff Noble Line, LLC, by and through its undersigned counsel, hereby submits the foregoing Complaint against the above-named Defendants, and alleges and complains as follows:

**PARTIES**

1. Plaintiff Noble Line, LLC ("Noble Line") is a Delaware corporation.

2. Defendant Donald Andrew Unkefer ("Unkefer") resides in Boulder County, Colorado. Unfeker's business address is 6676 Gunpark Drive, Suite D, Boulder, CO 80301.

3. Defendant Arete Arms, LLC ("Arete") is a Colorado limited liability company in good standing, doing business in Boulder County, Colorado. Arete's registered agent is Unkefer and Arete can be served through Unkefer at 6676 Gunpark Drive, Suite D, Boulder, CO 80301.

4. Defendant Noble Hemp Company ("Noble Hemp"), is a Colorado limited liability company in good standing, doing business in Boulder County, Colorado. Noble Hemp's registered agent is Unkefer and Noble Hemp can be served through Unkefer at 6676 Gunpark Drive, Suite D, Boulder, CO 80301.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal unfair competition claims under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1125(a), because this civil action arises under the trademark laws of the United States.

6. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claims are so related to the federal law claims subject to this Court's original jurisdiction that the claims form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Personal jurisdiction is proper in Colorado because the Defendants are citizens of and do business in Colorado.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because all of the Defendants are residents of Colorado and reside in this District.

## GENERAL ALLEGATIONS

9. Noble Line uses the trademark "NOBLE HEMP" in connection with the sale of nutritional supplements containing essential hemp oils for humans and pets, natural health products and natural product extracts, herbal supplements and products, food products, ointments, tinctures, soft gels, topicals, film strips, drinking water, and hemp-infused energy drinks. Noble Line sells its products online through its own website and on Amazon.com.

10. Noble Line began using the Noble Hemp trademark on its products on May 2, 2017. Noble Line obtained legal opinions from U.S. counsel prior to pursuing its first use to confirm that it could legally sell CBD hemp oil and ship from a fulfillment center to all fifty states. Further, Noble Line purchased the domain name noblehemp.com on February 5, 2017.

11. Noble Line expended and continues to expend large sums of money in promoting

the quality of its products under the Noble Hemp trademark and fostering goodwill identified with this trademark.

12. As a result of Noble Line's extensive use and promotion of its Noble Hemp trademark in interstate commerce, Noble Line has built up and now owns valuable goodwill that is symbolized by its trademark. The purchasing public in the industry in which Noble Line operates has come to associate the Noble Hemp trademark with Noble Line's products.

13. The goodwill represented by the Noble Hemp trademark is a valuable asset to Noble Line, especially in light of the niche industry in which it operates.

14. In or around 2019, Noble Line became aware that Unkefer, Arete and Noble Line (collectively "Defendants") were using the NOBLE HEMP mark and company name in connection with hemp extract products, also for sale online through its website and on Amazon.com.

15. Defendants' use of the trademark NOBLE HEMP infringes on Noble Line's exclusive trademark rights. Defendants' use of such name is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Noble Line and Defendants are related, affiliated, or otherwise associated with or sponsored by one and the other.

16. Noble Line has no control over the quality of Defendants' products bearing the NOBLE HEMP mark. The risk of confusion harms the public and jeopardizes Noble Line's business reputation, profit, and sales potential within its market. Such infringement further allows Defendants to capitalize on the substantial goodwill associated with the mark NOBLE HEMP, and has unjustly enriched Defendants.

17. Upon becoming aware of Defendants' use of the NOBLE HEMP mark, Noble Line demanded that Defendants stop all use and remove such products from commerce in a reasonable time frame. Defendants have ignored this demand.

18. Defendants have continued to use the NOBLE HEMP mark to promote their

products and services that are directly competitive with, or closely related to, Noble Line's products and services bearing the NOBLE HEMP mark. Such use is likely to cause confusion among customers and irreparable injury to Noble Line's goodwill and sales, and constitutes unfair competition.

19. As a result, Noble Line has suffered damages in an amount to be proven at trial.

### FIRST CAUSE OF ACTION: FEDERAL UNFAIR COMPETITION

20. Noble Line realleges all preceding paragraphs as if fully set forth herein.

21. This claim for relief is made pursuant to 15 U.S.C. § 1125(a).

22. Defendants' use of Noble Hemp as its trademark is likely to cause confusion, deception, and mistake with Noble Line's NOBLE HEMP mark by creating the false and misleading impression that Defendants' products are manufactured or distributed by Noble Line, or affiliated, connected, or associated with Noble Line, or have the sponsorship, endorsement, or approval of Noble Line.

23. Defendants' conduct constitutes false representations, false descriptions, and false designations of the origin of its goods and services in violation of 15 U.S.C. § 1125(a).

24. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception, and, additionally, injury to Noble Line's goodwill and reputation as symbolized by the NOBLE HEMP mark, for which Noble Line has no adequate remedy at law.

### SECOND CAUSE OF ACTION: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

25. Noble Line realleges all preceding paragraphs as if fully set forth herein.

26. Defendants' actions constitute common law trademark infringement and unfair competition under the common law of Colorado and several other states, and have created and will continue to create a likelihood of confusion to the irreparable injury of Noble Line unless

restrained by this Court. Noble Line has no adequate remedy at law for this injury.

27. On information and belief, Defendants acted with full knowledge of Noble Line's use of, and common law rights to, the NOBLE HEMP mark and without regard to the likelihood of confusion of the public created by those activities.

28. Defendants' use of such a similar name and trademark demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Noble Line's NOBLE HEMP trademark to the irreparable injury of Noble Line.

29. As a result of Defendants' actions as described above, Noble Line has been damaged in an amount to be proven at trial.

30. If not enjoined, Defendants will continue to infringe upon Noble Line's marks. Defendants conduct is causing and is likely to cause substantial, irreparable harm to Noble Line. Noble Line has no adequate remedy at law for this injury entitling Noble Line to injunctive relief.

## THIRD CAUSE OF ACTION: DECEPTIVE TRADE PRACTICES

31. Noble Line realleges all preceding paragraphs as if fully set forth herein.

32. This claim for relief is made pursuant to C.R.S. §6-1-101 *et seq.*

33. By committing the acts herein alleged, Defendants have engaged in an unfair or deceptive trade practice as specified in at least C.R.S. § 6-1-105(a)-(c).

34. Defendants' deceptive acts occurred in the course of Defendants' business, vocation, or occupation.

35. Defendants' deceptive acts have significantly impacted the public as actual or potential consumers of the Defendants' goods, services, or property.

36. Noble Line suffered injury in fact to a legally protected interest.

37. The deceptive acts have caused Nobel Line's injuries.

38. Noble Line has no adequate remedy at law and is suffering and will continue to

suffer irreparable harm as a result of Defendants' actions unless Defendants are enjoined pursuant to C.R.C.P. 65.

## FOURTH CAUSE OF ACTION: FEDERAL ANTI-DILUTION

39. Noble Line realleges all preceding paragraphs as if fully set forth herein.

40. This claim for relief is made pursuant to 15 U.S.C. § 1125(c).

41. Noble Line's trademarks are "famous" and have acquired secondary meaning within the industry in which it operates.

42. Noble Line has used the Noble Hemp name in connection with its products for many years, has invested substantial sums in a wide range of channels and commerce to promote its name worldwide, and thereby has gained distinction and widespread renown of its Noble Hemp trademark in its industry.

44. Defendants' use of the name Noble Hemp is diluting the distinctive quality of Noble Line's trademark in violation of Federal law and other applicable state anti-dilution statutes.

45. In adopting the name "Noble Hemp," Defendants intended to trade on Noble Line's reputation and dilute Noble Line's trademarks.

46. Noble Line has no adequate remedy at law and is suffering and will continue to suffer irreparable harm as a result of Defendants' actions unless Defendants are enjoined.

## FIFTH CAUSE OF ACTION: CYBERPIRACY UNDER 15 U.S.C. § 1125(d)

47. Noble Line realleges all preceding paragraphs as if fully set forth herein.

48. Defendants registered the domain name "noblehempco.com" and are operating a website from that domain name.

49. Defendants' have used Noble Line's NOBLE HEMP Mark in their domain name

with bad faith intent to profit from that Mark.

50.     Noble Line has no adequate remedy at law and is suffering and will continue to suffer irreparable harm as a result of Defendants' actions unless Defendants are enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Noble Line prays for relief as follows:

1.     For an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with Defendants who receive actual notice of any order issued by this court by personal service or otherwise from:

  a. Continuing the acts of unfair competition set forth herein or from engaging in any additional acts of unfair competition against Noble Line;

  b. Engaging in acts causing or likely to cause confusion with Noble Line's Noble Hemp trademark;

  c. Using the Noble Hemp trademark or any other copy, reproduction, or colorable imitation or simulation of Noble Line's Noble Hemp trademark in connection with Defendants' products or services;

2.     That an accounting be ordered and judgment be rendered against all Defendants for all revenues and profits received from the sale of products or services directly or indirectly in connection with the Noble Hemp trademark and/or brand;

3.     That Defendant be required to delete all references to product listings or advertisements on any Internet sites or social media sites and to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any kind, including the plates, molds, or other means of producing the materials, which bear thereon

the infringing and unfairly competing names or trademarks or any name or trademark that includes the term Noble Hemp or similar terms;

4. That Noble Line be awarded damages for injury to Noble Line's reputation and goodwill, in amount to be proved at trial for lost sales and diversion of sales in an amount to be determined at trial;

5. That Noble Line be awarded damages sustained by it on account of Defendants' infringement and unfair competition, including treble damages pursuant to 25 U.S.C. § 1117(b);

6. That Noble Line be awarded damages sustained by it on account of Defendants' unfair business practices in an amount up to three times the amount of actual damages sustained pursuant to C.R.S. § 6-1-113 including all revenues derived via use of the Noble Hemp trademark and/or brand;

7. For attorneys' fees and costs as allowable by applicable rule or statute; and

8. For such other and further relief as this court deems just and equitable.

Respectfully submitted this 7th day of August, 2019.

ROBINSON WATERS & O'DORISIO, P.C.

By: */s/ Harold R. Bruno, III (original signature on file)*
Harold R. Bruno III
Nicholas F. Labor
*Attorneys for Plaintiff*

OF COUNSEL

Kevin J. Collette, WSBA #10998
Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-035